UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES P. SCHOEMEHL, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-cv-00031-JAR |
| | ) |
| JEANNINE UNWIN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Jeannine Unwin's motion to dismiss or, alternatively, to stay proceedings and compel arbitration. (Doc. No. 9). Plaintiff James P. Schoemehl, Jr. opposes the motion. (Doc. No. 12). For the reasons set forth below, the Court will deny Defendant's motion to dismiss and grant the alternative motion to stay proceedings and compel arbitration.

### BACKGROUND

This matter arises out of a contract to purchase the assets of a business, Metropolitan Cosmetic Laser Center ("Treatment Center"). (Doc. No. 1). Plaintiff alleges that during contract negotiations, Defendant failed to disclose to Plaintiff that Defendant had entered into approximately sixty agreements with existing customers to provide a specified number of future treatments in exchange for an upfront lump sum payment. (*Id.* at ¶¶ 12-13). The cost of these future treatment liabilities was approximately $800 - $1,200 per agreement, or approximately $70,000 over the course of two years. (*Id.* at ¶¶ 15, 18). Plaintiff contends that despite careful inquiry, at no time did Defendant reveal the future treatment liabilities to Defendant, thereby

fraudulently inducing Plaintiff into a contract to purchase the assets of the treatment center for $37,000. That contract contained an arbitration clause, and Plaintiff claims that if not for Defendant's fraudulent failure to disclose the treatment liability, Plaintiff would not have agreed to the arbitration provision. (*Id.* at ¶ 23). Plaintiff brought four counts against Defendant: (1) fraudulent misrepresentation—inducement; (2) negligent misrepresentation— inducement; (3) breach of contract (disclosure statement); and (4) breach of contract (affidavit of no liens).

Defendant now brings a motion to dismiss for lack of subject matter jurisdiction, arguing that Plaintiff's claims fail to meet the amount in controversy requirement for the Court to exercise diversity jurisdiction. Defendant contends that the undisclosed treatment liabilities cannot be used to calculate the jurisdictional amount because under the contract, Plaintiff had not assumed those liabilities. Defendant further argues that even if the treatment liabilities could be included in the jurisdictional amount, Plaintiff failed to meet the jurisdictional threshold because Plaintiff has no damages under his breach of contract theory because those damages are speculative and outside the contemplation of the parties. In the alternative, Defendant requests that the Court stay this case and compel arbitration in accordance with the arbitration clause contained in the contract.

Plaintiff opposes the motion to dismiss, arguing that the future treatment liability totaling $70,000 exceeds the jurisdictional threshold when combined with the difference between the purchase price and the actual diminished value of the treatment center. Plaintiff also opposes the motion to compel arbitration because his claim is made on the basis of fraud in the arbitration clause itself, requiring the Court's intervention.

**DISCUSSION**

Motion to Dismiss for Lack of Subject Matter Jurisdiction

"The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.00." *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). When a complaint appears to allege a sufficient amount in controversy to establish diversity jurisdiction but the amount in controversy is challenged by the opposing party, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence. *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000) (overruled on other grounds by *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546 (2005)), (citing S*tate of Missouri. ex rel. Pemiscot County, Mo. v. Western Surety Co*., 51 F.3d 170, 173 (8th Cir. 1995)).

Defendant argues that Plaintiff has not alleged $75,000 in damages for his claims. Under Missouri law, a party who is the victim of fraud in the inducement of a contract may choose among three avenues of relief. The party may: (1) rescind the contract and seek restoration of the status quo; (2) affirm the contract and pursue whatever contractual remedies may be available; or (3) bring an action seeking damages for the asserted fraud. *W. Fireproofing Co. v. W.R. Grace & Co.*, 896 F.2d 286, 290 (8th Cir. 1990). While punitive damages are not allowed under Missouri law for breach of contract, punitive damages are allowed in tort claims, including fraud. *Goodman Distribution, Inc. v. Haaf*, No. 4:10-CV-806 CAS, 2010 WL 4117379, at *5 (E.D. Mo. Oct. 19, 2010). Punitive damages require "a showing, by clear and convincing proof, of a culpable mental state on the part of the defendant, either by a wanton, willful or outrageous act, or reckless disregard for an act's consequences (from which evil motive is inferred)." *Werremeyer v.*

*K.C. Auto Salvage Co., Inc.*, 134 S.W.3d 633 (Mo. 2004).

Here, Plaintiff has chosen to bring an action seeking damages for the asserted fraud in the amount of the future treatment liabilities, as well as punitive damages. The amount of future treatment liabilities totals $70,000. As to the punitive damages, Plaintiff asserts that Defendant was fully aware of her failure to disclose the future treatment liabilities, as well as the untrue nature of the affidavit of title executed by Defendant. Based on this and other allegations contained in the Complaint, Plaintiff alleged the requisite state of mind to support punitive damages as to the fraud claim, and a finder of fact could legally conclude that Plaintiff was entitled to at least $5,000 in punitive damages. Thus, the Court finds there is more than $75,000 in controversy in this case. As the requirements of 28 U.S.C. § 1332 have been met, Defendant's motion to dismiss for lack of subject matter jurisdiction will be denied.[1]

Alternative Motion to Stay Proceedings and Compel Arbitration

Defendant next argues that the Court should compel arbitration in accordance with the arbitration clause contained in the contract. Plaintiff argues in response that because he is asserting in his lawsuit that he was fraudulently induced to sign the contract, including the arbitration clause, the Court must resolve the issue of fraud as to the arbitration clause before ordering arbitration of the remaining claims, including fraud with respect to the contract generally.

The Supreme Court has determined that the Federal Arbitration Act requires a claim of fraud in the inducement of the entire contract to be submitted to arbitration. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 402–04 (1967). Accordingly, if the claim is fraud in

---

[1] Defendant also argues that future liabilities are generally covered under the contract, and thus Plaintiff failed to state a claim. However, this goes beyond the face of Plaintiff's Complaint and requires an evaluation of a factual record, which cannot be resolved on a motion to dismiss.

the inducement of the arbitration clause itself—an issue which goes to the 'making' of the agreement to arbitrate—the federal court may proceed to adjudicate it. *Id.* at 403-04.

Here, Plaintiff alleges that "[i]f not for Defendant's failures to disclose leading up to execution of the [contract], and false statement in the Affidavit of Title, Plaintiff would not have agreed to the arbitration provision in the [contract], would not have agreed to the [contract's] other provisions, and would not have agreed to the Arbitration Agreement and the other closing documents." (Doc. No. 1 at ¶ 47). The substance of Plaintiff's argument is that the entire contract for the acquisition of the assets of the Treatment Center was fraudulently induced. Plaintiff is not alleging anything related to the meaning or validity of the arbitration clause. Instead, he claims that he relied on false statements made by Defendant, which then induced him to agree to the contract. These kinds of alleged misrepresentations go to the entire contract, not to the arbitration clause itself. *See Randazzo v. Anchen Pharm., Inc.*, No. 4:12-CV-999 CAS, 2012 WL 5051023, at *6 (E.D. Mo. Oct. 18, 2012). Consequently, Plaintiff's allegations of fraud are a matter for the arbitrator to decide, not the Court.[2]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jeannine Unwin's Motion to Dismiss and Compel Arbitration (Doc. No. 9) is **GRANTED** in part to the extent it requests this Court compel arbitration. The Motion to Dismiss Plaintiff's Complaint is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **STAYED** and the Court shall retain jurisdiction pending arbitration of Plaintiff's claims. The parties shall submit a joint report

---

[2] The Court's determination is not changed if the Court were to analyze the arbitration clause under the Missouri Uniform Arbitration Act.

updating the Court on the status of the case every six (6) months. Defendant Jeannine Unwin shall submit a notice to the Court within ten (10) days of the conclusion of arbitration.

**IT IS FINALLY ORDERED** that the Clerk of Court shall administratively close this case.

                                                          _____
                                                          JOHN A. ROSS
                                                          UNITED STATES DISTRICT JUDGE

Dated this 1st day of May, 2018.