# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES P. SCHOEMEHL, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-cv-00031-JAR |
| JEANNINE UNWIN, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER OF DISMISSAL

This matter is before the Court on Defendant Jeannine Unwin's second status report. (Doc. No. 17). For the reasons set forth below, this case will be dismissed with prejudice for failure to prosecute and failure to comply with the Court's Orders.

### I. Background

On January 8, 2018, Plaintiff filed this action for damages arising out of a contract dispute surrounding the purchase of The Metropolitan Cosmetic Laser Center. (Doc. No. 1). On May 1, 2018, the Court granted Defendant's motion to compel arbitration, stayed the case pending arbitration, and directed the parties to submit a joint status report updating the Court on the status of the case every six months. (Doc. No. 14).

On November 1, 2018, Defendant submitted a status report stating that Plaintiff had not commenced arbitration proceedings, nor did Plaintiff participate in filing the status report. On November 7, 2018, the Court entered an Order directing Plaintiff to show cause why this case should not be dismissed for his failure to prosecute and comply with the Court's Order compelling arbitration. Plaintiff failed to respond by the deadline set by the Court. To date,

Plaintiff has not filed any response to the Court's Order to Show Cause.

On May 1, 2019, Defendant filed a second status report stating that Plaintiff had not commenced any arbitration proceedings, nor had Plaintiff's counsel communicated with Defendant's counsel about arbitration, the filing of a joint status report, or any other matters.

**II.     Discussion**

Federal Rule of Civil Procedure 41(b) permits a defendant to move to dismiss a case based on a plaintiff's failure to prosecute or a plaintiff's failure to comply with a court order. The United States Supreme Court has held that although Rule 41(b) does not expressly address the Court's authority to dismiss a case *sua sponte* for failure to prosecute or failure to comply with a court order, "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Similarly, the Eighth Circuit has found that the court has the power to dismiss a case *sua sponte* for failure to comply with a court order. *See Haley v. Kansas City Star*, 761 F.2d 489, 490 (8th Cir. 1985) ("A district court may, on its own motion, dismiss an action for failure of the plaintiff to comply with any order of the court.").

Even where dismissal for failure to prosecute or comply with a court order is appropriate, dismissal with prejudice is an "extreme sanction" that is appropriate only in cases of "willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009) (quoting *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000)); see also *Givens v. A.H. Robins Co., Inc.*,

2

751 F.2d 261, 263 (8th Cir. 1984) ("Dismissal with prejudice is an extreme sanction and should be used in cases of willful disobedience of a court order or continued persistent failure to prosecute a complaint.").

Here, Plaintiff has not filed anything in this case since March 30, 2018. (Doc. No. 12). Since the Court compelled arbitration on May 1, 2018, Plaintiff has not initiated arbitration proceedings or participated in the submission of a joint status report. Moreover, Plaintiff failed to respond to the Court's Order to show cause why the matter should not be dismissed for failure to prosecute.

The Court has carefully considered the appropriate sanction in this case. In light of Plaintiff's complete lack of participation in the case for over a year and failure to respond to the show cause order, the Court believes that dismissal with prejudice is appropriate. Any lesser sanction would prove futile.

**III.   Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED WITH PREJUDICE.**

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 7th th day of May, 2019.